**Clark L. CURRY and Janis K. Curry, Appellants,**

**v.**

**The OKLAHOMA CITY, a municipal corporation, and the Oklahoma City Planning Commission, Appellees.**

**No. 45964.**

Supreme Court of Oklahoma.

Feb. 26, 1974.

Eagleton, Nicholson & Pate by Collier H. Pate, Oklahoma City, for appellants.

Walter M. Powell, Municipal Counselor, Wm. O. West, Tom B. McGee, Asst. Municipal Counselors, Oklahoma City, for appellees.

IRWIN, Justice:

On appeal to the district court, pursuant to 11 O.S.1971, § 1434, that court sustained Appellee's [The Oklahoma City Planning Commission] refusal to approve Appellants' deed which subdivided a 2.6 acre tract into two 1.3 acre lots. Appellants appealed.

The Commission refused to approve appellants' deed on the grounds that Appellants had subdivided their land and refused to comply with the Commission's rules that required the dedication of a seventeen feet street right-of-way as a condition for approval. Appellants appealed to the district court on the theory that the Commission's refusal to approve their deed because they would not dedicate the street right-of-way was arbitrary, unreasonable and capricious.

11 O.S.1971, § 1427, provides that no deed which conveys land within the jurisdiction of the city planning commission in a tract of five acres or less shall be entitled to be recorded unless it bears the written approval of the planning commission, and, if recorded without approval, shall not impart notice.

The Commission states in its briefs that "The Oklahoma City subdivision regulations require all subdividers to bring

streets of that subdivision up to standard width, grade-level and construction, and if needed, a subdivider is required as a condition of approval of his subdivision to dedicate enough street right-of-way to bring a particular street in the subdivision to the minimum width standard."

Appellants purchased the 2.6 acre tract in February, 1972. In March, 1972, they subdivided the property into two 1.3 acre lots, selling one of the lots to a third party. The remaining lot was to be used for appellants' own development. After commencing certain preparations for the development, which included expenditures of money and obtaining a building permit, appellants discovered through legal counsel that their deed had to be approved by the Commission before it would impart notice and before they could acquire a loan.

Although the record is not too clear, it appears that appellants executed two deeds, one in favor of the third party and one to themselves and the deed to themselves is the deed for which they sought the Commission's approval.

Appellants' deed to the 2.6 acre tract, which they acquired on February 25, 1972, was filed for record on March 6, 1972, and bears this notation "Approved by the Oklahoma Planning Commission, 2–15–65".

■ The Commission's approval is shown to be "2–15–65" because in 1965, this 2.6 acre tract was conveyed and the Commission approved the deed of conveyance without requiring the dedication of the street right-of-way and the deed was recorded and imparted notice. The Commission's regulations were the same in 1965 when it approved appellants' 2.6 acre deed without the dedication of the street right-of-way, as they were in 1972 when the Commission refused to approve appellants' deed to the 1.3 acre.

Appellants could have held the 2.6 acre tract without it being subject to the street right-of-way and their deed to this 2.6 acres would have imparted notice because in 1965 it was approved by the Commission, without requiring the dedication. However, since Appellants subdivided the 2.6 acre tract into two lots, their deed to this 1.3 acre lot will not impart notice, although recorded, because the deed was not approved by the Commission.

Appellants' 1.3 acre lot abuts Memorial Road and this area is not programed for specific road improvements and no improvement is anticipated within the next five years. If this street right-of-way were not needed, or it was not necessary to require the dedication in 1965 when the 1965 deed to the 2.6 acre tract was approved without the dedication, there has been no change in the area that would justify the requirement that the dedication be made at this time. In view of all the circumstances, we hold that the Commission's refusal to approve appellants' deed to the 1.3 acre lot without the dedication of the street right-of-way was arbitrary, unreasonable and capricious and the trial court erred in sustaining the Commission's refusal to approve the deed.

■ Appellants placed in issue the constitutionality of the regulation requiring a dedication as a condition for approving a deed subdividing property. The Court of Appeals determined that this was unconstitutional. Since it is not necessary to determine the constitutionality of the regulations, the Court of Appeals' decision determining it to be unconstitutional is vacated.

Certiorari granted; Court of Appeals' decision vacated; Judgment of the trial court reversed; and the trial court is directed to issue an appropriate order directed to the Oklahoma City Planning Commission that it approve appellants' deed to the 1.3 acre tract without requiring the street right-of-way dedication.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, LAVENDER and BARNES, JJ., concur.

DOOLIN, J., concurs in results.